*PH*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

NF

5-30-13

MAY 30 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL TODD | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN PAUL SILVERSTEIN, | ) |
| CAREONE INSURANCE INC., | ) |
| HEALTH INSURANCE INNOVATIONS, | ) |
| INC., COLORADO BANKERS LIFE | ) |
| INSURANCE COMPANY, FREEDOM | ) |
| LIFE INSURANCE COMPANY OF | ) |
| AMERICA, COMPANION LIFE | ) |
| INSURANCE COMPANY, MARKEL | ) |
| INSURANCE COMPANY, STARR | ) |
| INDEMNITY & LIABILITY COMPANY, | ) |
| NATIONAL CASUALTY COMPANY, | ) |
| JOHN DOE | ) |
| | ) |
| Defendant(s) | ) |
| | ) |

13cv4018

Judge Matthew F. Kennelly

Magistrate Michael T. Mason

## COMPLAINT

NOW COMES Plaintiff, Michael Todd, *pro se*, who brings this Complaint and states as follows:

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA", 47 U.S.C. § 227 *et seq.*, to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "unrestricted telemarketing…can be an intrusive invasion of privacy…" 47 U.S.C. § 227, Congressional Statement of Findings # 5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls, finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers
> consider automated or prerecorded telephone calls, regardless of the content or the
> initiator of the message, to be a nuisance and an invasion of privacy.

Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and invasion of privacy.

47 U.S.C. § 227, Congressional Statement of Findings ## 10 and 12.

<u>Parties, Jurisdiction and Venue</u>

1. Plaintiff, Michael Todd (herein "Plaintiff" or "Todd") is an individual person who at all relevant times herein resided at 9134 Del Prado Dr., 2N, Palos Hills, IL 60465.

2. Defendant, STEVEN PAUL SILVERSTEIN (herein "SILVERSTEIN") is a competent adult individual who at all relevant times herein was conducting business in this district.

3. Defendant, CAREONE INSURANCE INC. (herein "CAREONE") is a Florida corporation who at all relevant times herein was conducting business in this district.

4. Defendant, HEALTH INSURANCE INNOVATIONS, INC. (herein "HII") is a Delaware corporation who at all relevant times herein was conducting business in this district.

5. Defendant, COLORADO BANKERS LIFE INSURANCE COMPANY (herein "COLORADO BANKERS") is a Colorado corporation that routinely conducts business in this district.

6. Defendant, FREEDOM LIFE INSURANCE COMPANY OF AMERICA (herein "FREEDOM LIFE") is a Texas corporation that routinely conducts business in this district.

7. Defendant, COMPANION LIFE INSURANCE COMPANY (herein "COMPANION LIFE") is a South Carolina corporation that routinely conducts business in this district.

8. Defendant, MARKEL INSURANCE COMPANY (herein "MARKEL") is an Illinois corporation that routinely conducts business in this district.

9. Defendant, STARR INDEMNITY & LIABILITY COMPANY (herein "STARR") is a Texas corporation that routinely conducts business in this district.

10. Defendant, NATIONAL CASUALTY INSURANCE (herein "NATIONAL CASUALTY") is a Wisconsin corporation that routinely conducts business in this district.

11. Defendant, JOHN DOE (herein "DOE") is an individual or entity that is unknown to Plaintiff at this time, who therefore sues DOE by such fictitious name. When the true name of DOE is ascertained, Plaintiff intends to amend this Complaint to properly identify DOE.

12. 47 U.S.C. § 227 *et seq.* presents a federal question and as such jurisdiction arises under 28 U.S.C. § 1331. Venue is proper as each Defendant conducts business in this district, the calls described herein were directed to Todd's phone in this district, and Todd was damaged in this district.

## Legal Basis of the Claims

13. The claims of Plaintiff, arise, in part, pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

14. The TCPA specifically prohibits the use of an unsolicited prerecorded phone message to residential telephone subscribers to advertise the sale of goods and services.

15. Under the TCPA, as interpreted by the Federal Communications Commission, a person or entity can be liable for calls made on its behalf even if that person or entity did not directly place those calls.

16. The Federal Communications Commission has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397, Paragraph 13 (1995).*

17. In 2005, the FCC reiterated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; *Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, Declaratory Ruling, 20 FCC Rc. 13664, 13667 Paragraph 7 (2005).

18. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

19. The phone calls at issue in this case were made by CAREONE, or DOE calling on behalf of CAREONE, for the benefit of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY.

20. 47 C.F.R. § 64.1200(b) requires, in pertinent part:

"(b) All artificial or prerecorded voice telephone message shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

Factual Allegations

21. HII, in part through authorized agents, markets, promotes, and sells insurance products of COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY.

22. Prior to May 15, 2013, HII entered into verbal or written contract with and have been authorized by COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY to market, promote, and sell the insurance products of each company.

23. Prior to May 15, 2013, SILVERSTEIN and CAREONE entered into a verbal or written contract with HII which allowed SILVERSTEIN and CAREONE to market, promote, and sell the insurance products of COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY.

24. COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY have each allowed HII and HII agents to act as an agent for COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY by and through allowing HII and its agents to market, promote, and sell the insurance products in the name of COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY.

25. COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY has directly or indirectly, offered to provide or provided financial payments to HII, SILVERSTEIN and/or CAREONE.

26. HII has directly or indirectly offered to provide or provided financial payments to SILVERSTEIN and/or CAREONE for SILVERSTEIN and/or CAREONE selling the insurance products of COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY.

27. COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY each have the right to terminate HII through contracts and/or other means.

28. HII has the right to terminate SILVERSTEIN and CAREONE through contracts and/or other means.

29. Through HII's website, HII holds SILVERSTEIN and/or CAREONE to be an agent of HII. HII lists defendant SILVERSTEIN as "Licensed Agent's Name", lists a "Licensed Agent's Phone" as 877-823-8831 and lists a "Licensed Agent's Email" as a careoneinsurance.com email address.

30. On May 15, 2013 ("first call"), Todd received a call on his residential telephone number of 708-576-8156 from CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY, or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY.

31. The first call began with a prerecorded message for health insurance. The prerecorded message did not state the name of the caller or a phone number or address. Todd pressed the one key on his phone in an attempt to be connected with a live representative, specifically for the purpose of attempting to ascertain the identity of the caller responsible for the illegal prerecorded message. Todd was transferred to another prerecorded message that stated no representative was available and instructed Todd to leave his name and number.

32. On May 15, 2013 ("second call"), CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE,

MARKEL, STARR, and NATIONAL CASUALTY, or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY placed a call to Todd's residential telephone number of 708-576-8156 that contained a prerecorded message. The prerecorded message stated "Hi, this is Katie from the enrollment center. I'm calling you because you responded to one of our advertisements for affordable health or dental plans. We have great options available with guaranteed acceptance regardless of medical conditions. Please give me a call back at 888-792-2832 and ask for Karen. Again, that is 888-792-2832 and ask for Karen. Please call me back ASAP so we can get you the protection you need. I look forward to speaking with you soon."

33. On May 16, 2013 ("third call), CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY, or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY placed a call to Todd's residential telephone number of 708-576-8156 that contained a prerecorded message. The prerecorded message stated "Hi, this is Katie from the enrollment center. I'm calling you because you responded to one of our advertisements for affordable health or dental plans. We have great options available with guaranteed acceptance regardless of medical conditions. Please give me a call back at 888-792-2832 and ask for Karen. Again, that is 888-792-2832 and ask for Karen. Please call me back ASAP so we can get you the protection you need. I look forward to speaking with you soon."

34. On May 16, 2013 ("fourth call), CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY, or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY placed a call to Todd's residential telephone number of 708-576-8156 that contained a prerecorded message. The prerecorded message stated "Hi, this is Katie from the enrollment center. I'm calling you because you responded to one of our advertisements for affordable health or dental plans. We have great options available with guaranteed acceptance regardless of medical conditions. Please give me a call back at 888-792-2832 and ask for Karen. Again, that is 888-792-2832 and ask for Karen. Please call me back ASAP so we can get you the protection you need. I look forward to speaking with you soon."

35. DOE, SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and NATIONAL CASUALTY are not registered to conduct business under the name "The Enrollment Center" with any State Corporation Commission (or comparable regulatory authority).

36. None of the calls described herein were placed to Todd's residential telephone line for emergency purposes.

37. Each of the calls described herein were placed to Todd's residential telephone line for the commercial purpose of attempting to sell Todd insurance products for the financial benefit of DOE, SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPAION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY.

38. Todd did not give DOE, SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY prior permission to contact Todd with a prerecorded message.

39. Todd did not previously do business with or have any established business relationship with DOE, SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY prior or at the time of each call described herein.

40. On May 17, 2013 at 11:20 a.m. ("fifth call"), CAREONE, calling on behalf of CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY placed a call to Todd's residential telephone number of 708-576-8156. When Todd answered the call, no party responded to Todd's greeting in excess of 2 seconds and the call eventually terminated without any live representative responding to Todd's greeting and without any prerecorded identification and opt-out message being supplied to Todd.

41. Through selling of insurance products via the telemarketing campaign to consumer, like Todd, SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY benefit financially.

42. In regard to each of the above-described calls to Plaintiff's residence:

    (a) Plaintiff was a "person" under 47 U.S.C. § 227 *et seq.*;

    (b) Each call was placed by CAREONE, or DOE on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY, each a "seller" as defined by 47 C.F.R. §

64.1200(f)(9) as each defendant was the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which was transmitted to Todd; and

(c) Each call or message was initiated by CAREONE calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services which was transmitted to Todd and, therefore, each was a "telephone solicitation" as defined under 47 U.S.C. § 227(a)(4) and was "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(12).

<u>Count One: Violation of 47 U.S.C. § 227(b)(1)(B)</u>

43. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

44. During the course of the first call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY violated 47 U.S.C. § 227(b)(1)(B) by initiating a telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of

statutory damages in Plaintiff's favor and against each defendant in the amount of $500 pursuant to 47 U.S.C. § 227(b)(3).

45. During the course of the first call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY willfully or knowingly violated 47 U.S.C. § 227(b)(1)(B) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against each defendant in the total amount of $1,500 pursuant to 47 U.S.C. § 227(b)(3).

46. Plaintiff has been damaged as a result and Defendants' are liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Two: Violation of 47 U.S.C. § 227(b)(1)(B)

47. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

48. During the course of the second call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of

SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY violated 47 U.S.C. § 227(b)(1)(B) by initiating a telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against each defendant in the amount of $500 pursuant to 47 U.S.C. § 227(b)(3).

49. During the course of the second call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY willfully or knowingly violated 47 U.S.C. § 227(b)(1)(B) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against each defendant in the total amount of $1,500 pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff has been damaged as a result and Defendants' are liable to Plaintiff for his damages.

WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

## Count Three: Violation of 47 U.S.C. § 227(b)(1)(B)

51. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

52. During the course of the third call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY violated 47 U.S.C. § 227(b)(1)(B) by initiating a telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against each defendant in the amount of $500 pursuant to 47 U.S.C. § 227(b)(3).

53. During the course of the third call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY willfully or knowingly violated 47 U.S.C. § 227(b)(1)(B) by willfully and/or knowingly initiating a telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against each defendant in the total amount of $1,500 pursuant to 47 U.S.C. § 227(b)(3).

54. Plaintiff has been damaged as a result and Defendants' are liable to Plaintiff for his damages.

WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII,

COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or

NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of

$500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Four: Violation of 47 U.S.C. § 227(b)(1)(B)

55. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

56. During the course of the fourth call, CAREONE, calling on behalf of SILVERSTEIN,

CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE,

MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of

SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE,

COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY violated 47

U.S.C. § 227(b)(1)(B) by initiating a telephone call to Todd's residential telephone line using

and artificial or prerecorded voice to deliver a message without Todd's prior express consent,

and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of

statutory damages in Plaintiff's favor and against each defendant in the amount of $500

pursuant to 47 U.S.C. § 227(b)(3).

57. During the course of the fourth call, CAREONE, calling on behalf of SILVERSTEIN,

CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE,

MARKEL, STARR and/or NATIONAL CASUALTY or DOE, calling on behalf of

SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE,

COMPANION LIFE, MARKEL, STARR and/or NATIONAL CASUALTY willfully or

knowingly violated 47 U.S.C. § 227(b)(1)(B) by willfully and/or knowingly initiating a

telephone call to Todd's residential telephone line using and artificial or prerecorded voice to deliver a message without Todd's prior express consent, and thereby violated 47 U.S.C. § 227(b)(3). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against each defendant in the total amount of $1,500 pursuant to 47 U.S.C. § 227(b)(3).

58. Plaintiff has been damaged as a result and Defendants' are liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Five: Violation of 47 C.F.R. § 64.1200(b)(1)

59. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

60. During the course of the first call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY violated 47 C.F.R. § 64.1200(b)(1) by failing, at the beginning of the message, to clearly state the identity of the business, individual, or other entity that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

61. During the course of the first call CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, willfully or knowingly violated 47 C.F.R. § 64.1200(d)(4) by willfully and/or knowingly failing, at the beginning of the message, to clearly state the name of the business, individual, or other entity that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

62. Plaintiff has been damaged as a result and Defendants are liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Count Six: Violation of 47 C.F.R. § 64.1200(b)(1)</u>

63. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

64. During the course of the second call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY violated 47 C.F.R. § 64.1200(b)(1) by failing, at the beginning of the message, to clearly state the

identity of the business, individual, or other entity that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

65. During the course of the second call CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, willfully or knowingly violated 47 C.F.R. § 64.1200(d)(4) by willfully and/or knowingly failing, at the beginning of the message, to clearly state the name of the business, individual, or other entity that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff has been damaged as a result and Defendants are liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Count Seven: Violation of 47 C.F.R. § 64.1200(b)(1)</u>

67. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

68. During the course of the third call, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE,

MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY violated 47 C.F.R. § 64.1200(b)(1) by failing, at the beginning of the message, to clearly state the identity of the business, individual, or other entity that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

69. During the course of the third call CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, willfully or knowingly violated 47 C.F.R. § 64.1200(d)(4) by willfully and/or knowingly failing, at the beginning of the message, to clearly state the name of the business, individual, or other entity that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

70. Plaintiff has been damaged as a result and Defendants are liable to Plaintiff for his damages.

WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Count Eight: Violation of 47 C.F.R. § 64.1200(b)(1)</u>

71. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

72. During the course of the fourth call, CAREONE, calling on behalf of SILVERSTEIN,
CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE,
MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of
SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE,
COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY violated 47
C.F.R. § 64.1200(b)(1) by failing, at the beginning of the message, to clearly state the
identity of the business, individual, or other entity that was responsible for the call and
thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of
statutory damages in Plaintiff's favor and against Defendants in the amount of $500 pursuant
to 47 U.S.C. § 227(c)(5).

73. During the course of the fourth call CAREONE, calling on behalf of SILVERSTEIN,
CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE,
MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of
SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE,
COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, willfully or
knowingly violated 47 C.F.R. § 64.1200(d)(4) by willfully and/or knowingly failing, at the
beginning of the message, to clearly state the name of the business, individual, or other entity
that was responsible for the call and thereby violated 47 U.S.C. § 227(c)(5). As a result,
Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against
Defendants in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

74. Plaintiff has been damaged as a result and Defendants are liable to Plaintiff for his damages.

WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Count Nine: Violation of 47 C.F.R. § 64.1200(b)(1)</u>

75. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

76. During the course of the fifth call, when no live sales representative was available, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY violated 47 C.F.R. § 64.1200(a)(7)(i)(A) by failing, within 2 seconds after Todd's completed greeting, to provide a prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

77. During the course of the fifth call, when no live sales representative was available, CAREONE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or

NATIONAL CASUALTY or DOE, calling on behalf of SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, willfully or knowingly violated 47 C.F.R. § 64.1200(a)(7)(i)(A) by willfully and knowingly failing, within 2 seconds after Todd's completed greeting, to provide a prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

78. Plaintiff has been damaged as a result and Defendants are liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against SILVERSTEIN, CAREONE, HII, COLORADO BANKERS, FREEDOM LIFE, COMPANION LIFE, MARKEL, STARR, and/or NATIONAL CASUALTY, both jointly and severally, for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

<u>Jury Demand</u>

Plaintiff demands a trial by jury on all of his claims.

Respectfully submitted: _____
Michael Todd, Plaintiff, *pro se*
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
Mtodd75682@aol.com